IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - NORTHERN DIVISION

| | |
|---|---|
| KANE COUNTY, UTAH, a Utah political subdivision, KANE COUNTY BOARD OF COMMISSIONERS<br><br>Petitioners. | **ORDER**<br><br>Case No. 2:08-MC-156<br><br>Judge Dee Benson |

On June 25, 2008, Kane County, Utah filed its Second Verified Petition to Perpetuate Testimony pursuant to Federal Rule of Civil Procedure 27, seeking to perpetuate the testimony of Vane Campbell and Robert Langston regarding alleged public highway rights-of-way on federal land.  The United States opposed the motion arguing that Petitioners failed to demonstrate a case or controversy that might result in "an action cognizable in a United States court."  Fed. R. Civ. P. 27(a)(1)(A).  The Southern Utah Wilderness Alliance and the Wilderness Society (collectively hereafter "SUWA") filed a motion to participate in the proposed depositions as an adverse party under Rule 27.  Oral argument was held on August 1, 2008.  Kane County was represented by Shawn T. Welch and Elizabeth B. Harris.  John K. Mangum and Daniel D. Price represented the United States.  SUWA was represented by Heidi J. McIntosh and Morgan Wyenn.  The Court now issues the following order.

**Petition to Perpetuate Testimony**

Federal Rule of Civil Procedure 27(a) authorizes the taking of depositions prior to litigation in a court of the United States for the purpose of perpetuating testimony.  Pursuant to Rule 27, Kane County seeks to take the depositions of Vane Campbell and Robert Langston regarding the alleged continuous use and maintenance by Kane County of certain public highway

rights-of-way through federal land.  In order to do so, however, Kane County must first satisfy the requirements of Rule 27, which requires the petitioner to demonstrate:

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> (B) the subject matter of the expected action and the petitioner's interest;
>
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
> (E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1).

In 1866, Congress authorized rights-of-way for the construction of highways over public lands not reserved for public uses.  Act of July 26, 1866, ch. 262, § 8, 14 Stat. 251, 253, *later codified as* Revised Statute 2477, and 43 U.S.C. § 932, *repealed by* Federal Land Policy Management Act of 1976, Pub. L. No. 94-579 § 706(a), 90 Stat. 2743.  This statute, commonly referred to as R.S. 2477, required no administrative formalities to establish a right-of-way through public land.  It "was a standing offer of a free right of way over the public domain," *Lindsay Land & Live Stock Co. v. Churnos*, 285 P. 646, 648 (1929) (quotations omitted), borrowing from state law regarding the acceptance of such public highway rights-of-way.

In Utah, "[a] highway is dedicated and abandoned to the use of the public when it is has been continuously used as a public thoroughfare for a period of ten years."  Utah Code Ann. § 72-5-104 (prior law in accord).  A public highway may also be accepted through its designation as a public highway by an official act, or by the expenditure of public funds for the maintenance,

construction and/or improvement of the road as a public highway or thoroughfare.  Utah Code Ann. § 72-3-103 (prior law in accord).

In 1976, Congress enacted the Federal Land Policy and Management Act ("FLPMA"), which repealed R.S. 2477.  In enacting FLPMA, however, Congress expressly preserved all valid existing R.S. 2477 rights-of-way.  This meant that all roads perfected prior to 1976 on federal public lands would remain open to the public and to the municipalities that created and maintained them.  Accordingly, in the years following the enactment of FLPMA, Petitioners and the public continued to use R.S. 2477 rights-of-way without disturbance or complaint from the United States.

This changed, however, in 1996 when San Juan, Garfield, and Kane Counties were sued by the Bureau of Land Management ("BLM") for trespass and degradation of federal property in violation of FLPMA when they attempted to do maintenance work on sixteen different alleged R.S. 2477 rights-of-way.  *See Southern Utah Wilderness Alliance v. Bureau of Land Management*, 425 F.3d 735, 742-43 (10th Cir. 2005).  As a result of the United States' changed policy regarding the use and maintenance of these R.S. 2477 rights-of-way, Kane County anticipates that there will be extensive litigation in the near future to quiet title to many of the R.S. 2477 roads within Kane County.  To be sure, extensive litigation over the ownership of these public highway rights-of-way throughout the state of Utah has already ensued.  *See, e.g.*, *Id.*; *San Juan County v. United States*, 503 F.3d 1163 (10th Cir. 2007) (*en banc*); *State of Utah v. United States*, No. 2:05-CV-540 (D. Utah 2005); *State of Utah v. United States*, No. 2:05-CV-714 (D. Utah 2005).

Of particular concern to Kane County is the recent decision in *The Wilderness Society v. Kane County*, Case No. 2:05-CV-854 (D. Utah 2005), where the court held that before Kane

County can disregard federal road closures or restrictions imposed on R.S. 2477 rights-of-way, it must first demonstrate the validity of its claimed R.S. 2477 rights-of-way in a court of law. *Id.*, Dkt. No. 202, pp. 20-21.  This decision is currently on appeal to the Tenth Circuit.  If the decision is upheld, Kane County claims it will be forced to file numerous quiet title actions to establish its interest in its R.S. 2477 rights-of-way.  Moreover, Kane County is a party to another appeal pending before the Tenth Circuit styled *Kane County v. Kempthorne*, 2:05-CV-941 (D. Utah 2005), App. No. 07-4207, challenging certain actions of the BLM pertaining to R.S. 2477 rights-of-way.  Again, if Kane County is unsuccessful in this appeal, more quiet title actions will need to be filed.

As already stated, R.S. 2477 rights-of-way required no formal documentation to be established.  Rather, they vested through continuous use and maintenance.  Consequently, there are very few official records or documents to prove Kane County's acceptance of its R.S. 2477 rights-of-way.  Non–party fact witness testimony regarding historical uses, construction and acceptance of public highways prior to 1976 will be the majority of evidence in Kane County's quiet title litigation regarding these rights-of-way.

Vane Campbell and Robert Langston are two fact witnesses that can provide such historical information.  It is anticipated that they will provide testimony regarding the creation, use, and maintenance of over 100 R.S. 2477 public highway rights-of-way within Kane County.  These two individuals' advanced age, health concerns, and risk of loss of memory, however, present a real concern that their vital historical testimony may be lost before specific quiet title actions for which they have information are ripe for adjudication.  Therefore, in the interest of justice, Kane County asks the Court to grant its Rule 27 petition to perpetuate the testimony of these two individuals.  Fed. R. Civ. P. 27(a)(3).

Based on the foregoing, the Court finds that the requirements of Rule 27 have been met. Kane County has sufficiently demonstrated that a quiet title action involving one or all of the R.S. 2477 public highway rights-of-way within Kane County – for which Mr. Campbell and Mr. Langston have significant memory information – is cognizable and likely in the relatively near future.  Therefore, to preserve this testimony, Petitioners' motion to perpetuate testimony is GRANTED with the following conditions: 1) Petitioners must give the United States 60 days advance notice of the depositions; 2) Petitioners must provide the United States with all of its exhibits 30 days prior to the depositions; and 3) Petitioners must produce all of Mr. Langston's medical records concerning his stroke and any other medical condition which may have impaired his memory.  No written discovery shall be required prior to taking the depositions.

### Motion for Adverse Party Status

SUWA, who for over a decade has been an active wilderness advocate, moves the court for permission to participate in these depositions as an adverse party.  SUWA argues that because of its well recognized interest in the protection of public lands and because the United States may not adequately represent its interests, SUWA should be allowed to participate in the Rule 27 depositions.  SUWA finds support for this argument by the fact that it has often been in an adversarial posture with the federal government on wilderness protection issues, particularly involving R.S. 2477 rights-of-way.

However, "[a]n earlier adverse relationship with the government does not automatically make for a present adverse relationship." *San Juan County*, 503 F.3d at 1206 (quoting *Maine v. Dir., United States Fish & Wildlife Serv.*, 262 F.3d 13, 20 (1st Cir. 2001)).  This is not a case directly involving the appropriate use of federal land.  It is not a case where Rule 24 intervention is even appropriate.  Rather, it is a simple Rule 27 petition, the sole purpose of which is to

preserve testimony for future quiet title actions – quiet title actions in which SUWA has no ownership interest.

In defending these depositions, the United States has only one objective – that is to defend their exclusive title to federal land. SUWA's objective is identical. *See San Juan County*, 503 F.3d at 1206. Accordingly, for purposes of these Rule 27 depositions, the Court finds that SUWA will be adequately represented by the United States and SUWA's motion for adverse party status is DENIED. *Id*.

### Conclusion

For the foregoing reasons, Petitioners' motion to perpetuate testimony is GRANTED with the following conditions: 1) Petitioners must give the United States 60 days advance notice of the depositions; 2) Petitioners must provide the United States with all of its exhibits 30 days prior to the depositions; and 3) Petitioners must produce all of Mr. Langston's medical records concerning his stroke and any other medical condition which may have impaired his memory. SUWA's motion for adverse party status is DENIED.

**IT IS SO ORDERED:**

DATED this 13th day of August, 2008.

_____
Dee Benson
United States District Judge